# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOEY E. MCGOVERN, on behalf of**
**KATHY MCGOVERN, deceased,**

    **Plaintiff,**

vs.                                                                                  **No. CIV 10-104 JCH/WDS**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on the Motion of Plaintiff Joey E. McGovern, on behalf of Kathy McGovern, deceased ("Plaintiff"), to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Claimant Kathy McGovern ("Claimant") was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Docs. 15, 16], Defendant's Response [Doc. 18], Plaintiff's Reply [Doc. 23], the administrative record and applicable law, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

## Background

Claimant, who was born on June 9, 1952, previously worked in sales and as a receptionist in a mobile home park. Tr. 85-87. Claimant applied for benefits on February 10, 2005. Tr. 56-58. She initially alleged that she became disabled on January 1, 2002. Tr. 56-58. She later revised the

onset date to December 30, 1997. Tr 54. At the time of the March 6, 2007 hearing, her attorney amended the alleged onset date to February 1, 2004. Tr. 532. Claimant's attorney later requested the Appeals Council to amend the date to February 1, 2002. Tr. 519. The ALJ used February 1, 2002 as the alleged onset date. Tr. 22.

Claimant alleged that she was disabled as a result of degenerative disc disease of the lumbar spine, left hip pain, right shoulder pain, and depression. Tr. 19, 131-133. Claimant's application was denied at the initial level on April 14, 2005 and at the reconsideration level on September 26, 2005. Tr. 37, 43. Claimant appealed by filing a request for a hearing by an administrative law judge ("ALJ") on October 11, 2005. Tr. 36. Claimant died on February 27, 2007 due to complications from a cerebrovascular aneurysm. Tr. 17. A proper substitution of party form was filed by her husband, Joey E. McGovern, on February 5, 2007. Tr. 17.

A hearing was held on March 6, 2007 before Administrative Law Judge ("ALJ") Joanne S. Birge, who heard testimony from Plaintiff and from a Vocational Expert ("VE"). Tr. 522-533. The ALJ entered her decision on September 28, 2007 finding Plaintiff not disabled. Tr. 14-22. On December 4, 2009, the Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 5-8. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor

2

should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen*

*v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## Summary of the ALJ's Decision

The ALJ first found that the Claimant last met the insured status requirements of the Social Security Act on March 31, 2002. Tr. 19. At step one of the sequential five-step analysis, the ALJ found that Claimant had not engaged in substantial gainful activity during the period from her original alleged onset date of December 30, 1997 through her date last insured of March 31, 2002. Tr. 19. The ALJ found at step two that Claimant had the severe impairments of degenerative disc disease of the lumbar spine with chronic back pain and left hip and right shoulder pain of uncertain etiology. Tr. 19. The ALJ found at step three that Claimant's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 20. At step four, the ALJ concluded that through the date last insured, Claimant had the RFC to "perform light work except for a sit/stand option, no pushing/pulling with the upper extremity, and only occasional stooping, balancing, climbing, crouching, crawling, and reaching above shoulder level." Tr. 20. Given the RFC assessment, the ALJ found that through the date last insured, Claimant could perform her past relevant work as actually and generally performed as a cashier. Tr. 22. Accordingly, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 22.

Plaintiff alleges the following errors: (1) the ALJ's conclusion that claimant was capable of returning to her past relevant work is unsupported by substantial evidence and contrary to law; (2) the ALJ's RFC assessment that the claimant was capable of performing light work is unsupported

by substantial evidence; (3) the ALJ failed to address the third party witness statement of Mr. Joey McGovern, which is legal error.

### Discussion

**1. Was The ALJ's Conclusion That Plaintiff Could Peform her Past Relevant Work Unsupported by Substantial Evidence and Contrary to Law?**

Plaintiff argues that the ALJ failed to make necessary findings at step four as to the physical and mental demands of Claimant's past relevant work. At the outset, this Court notes that the ALJ found that Claimant's past relevant work was as a cashier. Tr. 22. Although Claimant has held sales positions in the past that included cashiering as part of her duties, the discussion between the ALJ and the VE at the hearing regarding past relevant work centered solely on Claimant's past work as an office receptionist at a mobile home park. Tr. 85, 86; 526-528. For purposes of this Proposed Findings and Recommended Disposition, this Court will assume that the ALJ's Decision meant to identify Claimant's past relevant work as an office receptionist at a mobile home park; however, the ALJ must clarify this issue on remand.

A claimant is not to be considered legally disabled unless she proves, *inter alia*, that she cannot return to her past relevant work. *See* 20 C.F.R. §404.1560(b). "Past relevant work" is defined as the claimant's ability to perform either (1) the actual functional demands and job duties of a particular past relevant job, or (2) the functional demands and job duties of the occupation as generally required by employers in the national economy. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1050 (10th Cir. 1993); S.S.R. 82-61. The ALJ found that Claimant could perform her past job as cashier "as it was actually and generally performed." Tr. 22.

In *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), the Tenth Circuit set forth a three-step framework for analyzing at step four whether a claimant could perform her past relevant work.

5

First, the ALJ must establish the claimant's RFC, which must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe ...." *Id.* at 1023. 20 C.F.R. §404.1545(e). Second, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work. *Id.* Finally, the ALJ compares the claimant's RFC with the demands of the previous positions to determine whether the claimant still has the ability to perform any of his past occupations. *Id.* The ALJ must make specific findings at each phase. *Id.* SSR 82-62 also requires that the ALJ make specific findings in these three areas before determining that a claimant is capable of returning to a past relevant occupation.

As discussed, *supra*, the ALJ found that Claimant could perform her past job as it was "actually and generally performed." Tr. 22. Despite this finding, no questions were asked or testimony given at the hearing regarding the physical and mental demands of Claimant's position as office clerk receptionist as it was either actually performed by her or as it was generally performed in the national economy. Tr. 522-533. There appeared to be no attempt to determine these demands by any method. The ALJ only gave a hypothetical incorporating the RFC and another hypothetical modifying the original hypothetical slightly and asked the VE whether there would be any jobs that such an individual could perform. Tr. 527-528. The VE responded that such an individual could perform the reception work at the mobile home. Tr. 528.

Regarding how the Claimant actually performed her office receptionist job, Claimant had submitted a work history form for this position which set forth the demands of her job. Tr. 87. This is the only evidence the Court finds in the record that addresses how the Claimant actually performed her job. The demands as outlined in this form do not comport with the RFC determined by the ALJ, as the job as actually performed required frequent lifting of 25 pounds, with the heaviest

weight lifted being 50 pounds. Accordingly, considering the RFC and the evidence before the Court, Claimant could not perform the job as actually performed.

Regarding the functional demands and job duties of this position as generally required by employers in the national economy, at no point was the VE asked and at no time did he provide these demands and job duties and no DOT number or requirements were identified. No specific findings were made, and this Court is uninformed as to what the demands and requirements are.

Because the ALJ found that the Claimant was able to perform her past relevant work as it was "actually and generally performed," the ALJ was required to make specific findings as to the demands of the position. This she did not do. Nor was the record sufficiently developed to make the requisite findings. An ALJ bears the responsibility for ensuring that the record is adequately developed to address the relevant issues. *See Henrie v. United States Dep't of Health & Human Services,* 13 F.3d 359, 360-61 (10th Cir. 1993); SSR 96-8p. Accordingly, on remand, the ALJ is ordered to develop the record more fully concerning the demands of Plaintiff's past relevant work and whether she could have met those demands.

2. **Was The ALJ's Conclusion that the Claimant was Capable of Performing Light Work Supported by Substantial Evidence.**

Plaintiff primarily raises two issues under this argument. The first is that the ALJ failed to provide any analysis explaining what weight she afforded to Plaintiff's treating physician, Dr. Vigil, and to the clinical psychologist, Dr. Wolfe, who conducted a psychological evaluation of Claimant on February 23, 2007. Tr. 497-516. The second is that the ALJ failed to develop the record regarding Claimant's alleged mental impairment prior to the DLI of March 31, 2002.

Weight of opinions.

An ALJ must "present sufficient reasoning to make it clear what weight he afforded the

treating doctor's opinion and the reasons therefore." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The ALJ must first determine whether the treating physician's opinion is entitled to controlling weight. *Id.* Even if a treating physician's opinion is not entitled to controlling weight, it is "still entitled to deference and *must be weighed* using all of the factors provided in 20 C.F.R. Section … 416.927." *Id.* (quoting SSR 96-2p, 1996 WL 374188 at *4) (emphasis added). Those factors are:

(1)   the length of the treatment relationship and the frequency of examination;

(2)   the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3)   the degree to which the physician's opinion is supported be relevant evidence;

(4)   consistency between the opinion and the record as a whole;

(5)   whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6)   other factors brought to the ALJ's attention which tend to support or contradict the opinion

*Id.* at 1301 (quotation omitted).

"After considering the pertinent factors, the ALJ must give good reasons . . . for the weight he ultimately assigns the opinion." *Id.* (quotation omitted). Although an ALJ's failure to explicitly discuss all the factors may not prevent this Court from performing a meaningful review, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered all of the factors in her weight calculation. *See* 20 C.F.R. Section 416.927(d) (2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in . . . this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188 at *4 (explaining that even when the treating source's opinion is not entitled to controlling weight, it is "still entitled to

deference and must be weighed using all of the factors provided in 20 C.F.R. . . . 416.927."). *Id.* (quotation omitted). If the ALJ rejects the opinion completely, she must give specific, legitimate reasons for her decision. *Watkins v. Barnhart*, 350 F.3d at 1301 (quotations omitted).

In this case, the ALJ did not state what weight, if any, she gave to Dr. Wolfe's and Dr. Vigil's opinions and further failed to articulate the reasons for her decision. Defendant concedes that this is the case but contends that these omissions are harmless error. This Court finds otherwise. Without a discussion as to the weight afforded to the opinions and the reasons for her decision, this Court must remand. *See, e.g., Lopez v. Astrue*, 2010 WL 1172610 (10th Cir. N.M.)(where the Tenth Circuit reversed the district court's judgment affirming the ALJ's decision holding*, inter alia*, that the ALJ had failed to articulate what weight, if any, the ALJ gave to the treating physician.); *see also, Wade v. Astrue*, 268 Fed.Appx. 704 (10th Cir. 2008); *King v. Barnhart*, 114 Fed.Appx. 968 (10th Cir. 2004).

<u>The ALJ's Failure to Develop the Record Regarding Claimant's Mental Impairment</u>

Plaintiff alleges that the ALJ had a specific duty to develop the record with respect to Claimant's mental impairment prior to the DLI of March 31, 2002, and her failure to do so is grounds for remand. As discussed, *supra*, an ALJ bears the responsibility for ensuring that the record is adequately developed to address all relevant issues. *See Henrie v. United States Dep't of Health & Human Services*, 13 F.3d at 360-61; SSR 96-8p. However, a Claimant has the burden to prove that she was disabled prior to the DLI. *See* 42 U.S.C. 423(d)(2)(A) and 1382c(a)(3)(B). Accordingly, because this case is being remanded on other grounds, the Commissioner should accept and consider any additional evidence Plaintiff wishes to submit regarding Claimant's alleged mental impairment prior to the DLI, and the Commissioner should work with Plaintiff to ensure that the record is adequately developed regarding this issue.

<u>The ALJ's Failure to Address the Claimant's Husband's Statement.</u>

Plaintiff alleges that the ALJ committed legal error by not addressing the Claimant's husband's, Mr. Joey E. McGovern, statement that was provided to the Appeals Council on February 28, 2008.  Tr. 519-521.  However, the ALJ issued her decision on September 28, 2007, five months before Plaintiff submitted the statement to the Appeals Council.   Tr. 22.  Plaintiff's contention that the ALJ should have considered and discussed a statement that was not part of the record before her lacks merit, and Plaintiff's claim is denied.  However, because this case is being remanded on other grounds, on remand the ALJ should consider the statement by Mr. McGovern.

**4.  <u>Remaining Alleged Errors by Plaintiff.</u>**

This Court declines to reach the other issues raised on appeal as they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

**<u>Recommended Disposition</u>**

For the foregoing reasons, this Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision be granted and this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

**<u>NOTIFICATION</u>**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C.  636(b)(1).**

**A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE**